The Honorable John Casteel Prosecuting Attorney Nineteenth East Judicial District 103 South Spring P.O. Box 536 Berryville, AR 72616
Dear Mr. Casteel:
This is in response to your request for an opinion as to whether certain records should be disclosed under the Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 through -107. Your specific questions in this regard are as follows:
 Is the information, documents, date, notes, etc., used as a basis for terminating a person's employment subject to the FOIA? Essentially, can a citizen, pursuant to the FOIA, obtain information concerning the termination of a public employee?
RESPONSE
The answer to both questions is "yes," under certain conditions which are outlined more fully below.
Generally, recommendations for termination made by the employer or a representative of the employer can be properly classified as "employee evaluation/job performance records" within the meaning of the FOIA. See
A.C.A. § 25-19-105(c)(1) (Supp. 1999). The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. The custodian of the records must make a factual determination as to whether records constitute employee evaluation or job performance records. Formal, written employee evaluations are of course included. In addition, my predecessor has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 97-190, 96-258 (letters of termination); 92-207 (letters of warning); 96-033 (letters of reprimand); 96-342 (disciplinary records); 96-271, 94-194 (formal performance evaluation records); 96-033 (supervisors' memos and incident reports). In addition, it is clear from the relevant subsection that "preliminary notes and other materials" are included. A.C.A. §25-19-105(c)(1).
If information used as the basis for recommendation of termination is determined to constitute "employee evaluation or job performance records," such information can only be released if the following conditions have been met:
 1) There has been a final administrative resolution of any suspension or termination proceeding;
 2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The first two conditions should be within the knowledge of the custodian of records. The question of whether the third condition has been met is a question which must be resolved with reference to all the attendant circumstances.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present."Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). These are the factors that the custodian of the records should consider in making his decision as to the disclosure of records forming a basis for termination of a particular employee.
In my opinion, therefore, the answer to both of your questions is "yes" under the conditions listed above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh